**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Meredith Hastings, Respondent/Appellant,

v.

Earl Carrara, Appellant/Respondent.

Appellate Case No. 2014-000455

―――――――――

Appeal From Charleston County
A. E. Morehead, III, Family Court Judge

―――――――――

Unpublished Opinion No. 2015-UP-424
Submitted May 1, 2015 – Filed August 12, 2015

―――――――――

### AFFIRMED

―――――――――

Lawrence E. Richter, Jr., of The Richter Firm, LLC, of Mount Pleasant, for Appellant-Respondent.

Meredith Hastings, of Charleston, pro se.

―――――――――

**PER CURIAM:** This is a cross-appeal from a family court contempt action. On appeal, Earl Carrara argues the family court erred in not awarding him attorney's fees. Meredith Hastings argues the family court erred in not finding Carrara in willful contempt of prior court orders. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the family court erred in not awarding Carrara attorney's fees: *E.D.M. v. T.A.M.*, 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992) (providing family courts should consider "(1) the party's ability to pay his/her own attorney's fee; (2) beneficial results obtained by the attorney; (3) the parties' respective financial conditions; [and] (4) [the] effect of the attorney's fee on each party's standard of living" when determining whether to award attorney's fees).

2.  As to whether the family court erred in not finding Carrara in contempt of court: *Miller v. Miller*, 375 S.C. 443, 454, 652 S.E.2d 754, 759 (Ct. App. 2007) ("Contempt results from the willful disobedience of an order of the court."); *id*. at 454, 652 S.E.2d at 760 (providing that in a contempt action, "the moving party must show the existence of a court order and the facts establishing the respondent's noncompliance with the order"); *Duckett v. Goforth*, 374 S.C. 446, 464, 649 S.E.2d 72, 81 (Ct. App. 2007) ("*Res judicata* precludes parties from subsequently relitigating issues actually litigated and those that might have been litigated in a prior action."); *id*. ("The doctrine flows from the principle that public interest requires an end to litigation and no one should be sued twice for the same cause of action."); Rule 2(a), SCRFC (providing the South Carolina Rules of Civil Procedure are applicable in domestic relations actions, but limiting Rule 54(c), SCRCP, "to the extent it permits the court to grant relief not requested in the pleadings"); *Straight v. Goss*, 383 S.C. 180, 207, 678 S.E.2d 443, 457-58 (Ct. App. 2009) ("[She] who comes into equity must come with clean hands. . . . It is a self-imposed ordinance that closes the door of the court of equity to one tainted with inequitableness or bad faith relative to the matter in which [s]he seeks relief.").

**AFFIRMED.**[1]

**FEW, C.J., and HUFF and WILLIAMS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.